**SIGNED THIS: January 31, 2024**

_____
**Mary P. Gorman
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No.   23-70610 |
| JAMES L. RYAN and ) | |
| JANICE D. RYAN, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

# O P I N I O N

Before the Court is the Chapter 7 Trustee's Objection to Debtors' Claim of Exemptions. For the reasons set forth herein, the Trustee's objection will be sustained.

### I.   Factual and Procedural Background

On August 1, 2023, the Debtors, James L. Ryan and Janice D. Ryan, filed their voluntary petition under Chapter 7 of the Bankruptcy Code. Relevant to the issues here, they scheduled ownership of their residence located on

-1-

Buckeye Lane in Decatur, Illinois. They claimed that the residence was worth $168,000 and was unencumbered by any mortgage or other lien. They also claimed the residence as fully exempt under the Texas Constitution and the Texas homestead exemption statute. The Trustee filed an objection to the claimed homestead exemption, agreeing that the Debtors were entitled to use Texas exemptions but asserting that the exemption provision they relied on did not allow for application to property outside of Texas.

The factual basis for the Debtors' reliance on Texas law is not in dispute.[1] The Debtors lived in Texas for over 35 years before selling their Fort Worth home in May 2022 and moving to Illinois. After moving to Illinois, the Debtors used the proceeds from the sale of their Texas property to buy the Buckeye Lane property in Decatur. The Debtors had lived in Illinois for only about 14 months when they filed their bankruptcy case.

Both parties have briefed the issue, and it is ready for decision.

## II.     Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters concerning the exemption of property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B). The issues before the Court arise from the Debtors' bankruptcy itself and from the provisions of the

---

[1] The Trustee set forth the facts in his memorandum of law in support of his objection. The Debtors affirmatively stated in their responsive memorandum of law that they agreed with the Trustee's statement of facts.

Bankruptcy Code and may therefore be decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III. Legal Analysis

Chapter 7 debtors may exempt certain property from their bankruptcy estates. 11 U.S.C. §522(b)(1). Under the Bankruptcy Code, a debtor may use the exemptions set forth in the Code unless the state law applicable to that debtor—as determined elsewhere in the statute—specifically prohibits use of such exemptions. 11 U.S.C. §522(b)(2). Alternatively, a debtor may use a combination of state and local exemptions, federal exemptions other than those set forth in the Code, and several other limited exemptions. 11 U.S.C. §522(b)(3). In selecting the alternative that includes the exemptions of a particular state, however, a debtor must have been domiciled in that state for the 730 days immediately preceding the filing of the bankruptcy petition. 11 U.S.C. §523(b)(3)(A). If a debtor has not lived in a single state for the full 730-day period, then the debtor may only use the exemptions of the state where the debtor was domiciled during the 180-day period immediately preceding the 730-day period. *Id.*

Based on the Debtors' history, the parties agree that the Debtors did not live in either Texas or Illinois for the 730 days before filing but did live in Texas during the 180 days before the 730-day period. Thus, to the extent they elect to use the exemptions described in §522(b)(3), Texas law would be applicable. Alternatively, because Texas has not prohibited the use of the Code

exemptions, they could use those exemptions. *In re Perry*, 345 F.3d 303, 308 n.5 (5th Cir. 2003) (citations omitted). Because the Texas homestead exemption is unlimited in amount, the Debtors chose to rely on Texas law for their exemption claim. Tex. Prop. Code §41.001. Because the Texas law provides that the homestead definition "applies to all homesteads in this state," however, the Trustee asserts that it cannot be used to exempt an Illinois residence. Tex. Prop. Code §41.002(d). The issue to be decided here, therefore, is whether the Texas homestead exemption may be given extraterritorial effect and used to exempt a homestead located in Illinois.

Ample authority exists to support the Trustee's position that the Texas homestead exemption is limited to homesteads physically located in Texas. In *In re Peters*, 91 B.R. 401 (Bankr. W.D. Tex. 1988), a Texas bankruptcy court denied a debtor's attempt to use the Texas homestead exemption on property not located in Texas, finding that the exemption applied only to "homesteads located within the state of Texas." *Id.* at 404. In *In re Bingham*, 2008 WL 186277, at *1 (Bankr. D. Kan. Jan. 18, 2008), a Kansas bankruptcy court found that the Texas homestead exemption could not be given extraterritorial effect and denied its use as to Kansas property. *Id.* at *6 (drawing a distinction between applicable state "exemption laws" and the "exemptions" available under those laws). Likewise, In *In re Tate*, 2007 WL 81835, at *1 (Bankr. D. Or. Jan. 8, 2007), an Oregon bankruptcy court found that the Texas homestead exemption could be applied only to Texas property and denied use of the exemption as to Oregon property. *Id.* at *2 (concluding that BAPCPA does not

preempt state exemption laws banning extraterritorial application of homestead exemption).

The majority of decisions suggest that courts should enforce restrictions contained within exemption statutes even when, under the §522(b) domicile formula, the exemption statute would otherwise be "applicable." Generally, when a state exemption statute contains a limitation restricting use to the state's own residents or defines property as that located within the state, such restrictions will be enforced to prevent extraterritorial applications. *See, e.g., Shell v. Yoon*, 499 B.R. 610, 614-17 (N.D. Ind. 2013) (Illinois exemptions only available to Illinois residents could not be used by Indiana resident despite Illinois law being applicable under §522(b)(3); Illinois opt-out provision limiting use of federal exemptions therefore also did not apply to Indiana resident). But when the exemption statute of a particular state contains no prohibition against extraterritorial use, it may be applied to exempt property not physically located within the state. *See, e.g., In re Drenttel*, 403 F.3d 611, 615 (8th Cir. 2005) (Minnesota homestead exemption could be used to exempt Arizona homestead because Minnesota law did not prohibit extraterritorial application).

In defense of their claim of a Texas homestead exemption, the Debtors ask the Court to ignore the majority view on the issue and adopt the minority position that §522(b)(3) preempts state law and may override express limitations on the use of exemptions contained in such state laws. The Debtors suggest that Texas courts have adopted the minority view but cite to only one case: *In re Garrett*, 435 B.R. 434 (Bankr. S.D. Tex. 2010). *Garrett* does hold that

§522(b)(3) preempts domiciliary and residency requirements in state exemption laws that would otherwise be applicable under §522(b)(3). *Id.* at 450. But the Court finds *Garrett* unpersuasive. Recognizing its break from the majority view, *Garrett* relied on a single bankruptcy court decision that was later reversed by the circuit court. *In re Townsend*, 2012 WL 112995, at *6 (Bankr. D. Kan. Jan. 12, 2012) (criticizing the *Garrett* decision). And, in any event, *Garrett* offers no support for the Debtors' position here that such preemption would include rewriting the definition of the property subject to a particular exemption. Much more persuasive is the case cited by the Trustee: *In re Fernandez*, 2011 WL 3423373, at *1 (W.D. Tex. Aug. 5, 2011). In finding that a Texas debtor could claim a Nevada homestead, the *Fernandez* court provided a thorough analysis of the concept of preemption and found that, contrary to the holding in *Garrett*, §522(b)(3) should not be read as preempting state exemption laws. *Id.* at *18-19. Rather, §522(b)(3) actually requires deference to state law. *Id.* at *19. The *Fernandez* court pointed out the inconsistency in acknowledging that deference and, at the same time, suggesting that a part of a state's exemption law may be ignored to avoid an express limitation found in that law. *Id.* "[I]f Congress wanted to defer to state exemption laws in one way but limit them in another it would have made that intent more clear in the legislation." *Id.* (citations omitted).

Based on the relevant case law, this Court is persuaded that §522(b)(3) should not be read to preempt the provision in the Texas homestead exemption statute that limits exempt homesteads to those located within the state of

Texas. The Texas homestead exemption cannot be given extraterritorial effect, and the Trustee's objection to the Debtors' homestead exemption must be sustained.

### IV.    Conclusion

As set forth above, the Trustee's objection will be sustained and the Debtors' homestead exemption claimed under Texas law in their Decatur, Illinois property will be disallowed. The Debtors may, however, amend their scheduled exemptions at any time before this case is closed. Fed. R. Bankr. P. 1009(a). The Trustee has acknowledged that the federal exemptions found in the Code may be used by the Debtors in any such amendments. 11 U.S.C. §522(d). The Debtors are not left without a remedy.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###